Lee, J.
delivered the opinion of the court.
This is an action of trespass on the case brought by the defendants in error against the plaintiff in the Circuit court of Grayson county. The defendant demurred generally to the declaration, which contained but a single count, and the plaintiffs joined in demurrer ; and after argument, the said demurrer was overruled by the court. The defendant then pleaded “not guilty,” and the plaintiffs joined issue thereon. Upon this issue the parties went to trial, and there was a verdict for the plaintiffs on which the court gave judgment. Whereupon the defendant applied for and obtained a supersedeas from this court.
The declaration alleges that before the making of the agreement thereinafter to be mentioned, between the female plaintiff and the defendant, one Abner Jones had been the surveyor of Grayson county, and in consideration of certain sums named, which the female plaintiff had paid him, had promised to furnish a land warrant and to enter and survey for her a certain piece of vacant land in Grayson county, with a view to enable her to obtain a grant for the same from the commonwealth. That the said Jones wholly failed to make such entry; and that the defendant having become the successor of the said Jones in the office of surveyor of Grayson county, in consideration of the promises of the said Jones and of the payments made to him by the female plaintiff, and being required by her to enter said piece of land for her, agreed that he would furnish the necessary land warrant for the purpose, and would enter the same in her name in his office, and in due time would survey the same in order that she might obtain a grant; and that she on her part, agreed to pay the defendant his fees for the said surveying whenever performed. The declaration then alleges that the defendant utterly failed to furnish a land warrant and enter said land for and in the name of the *265 female plaintiff, but on the contrary, had in fact entered and surveyed the same for another person to whom a patent had issued thereon from the commonwealth for the same; whereby the said land, which was of the value of 500 dollars, had become wholly lost to the plaintiffs.
Considering this as a declaration in assumpsit for the breach of a special contract between the female plaintiff in the action and the defendant, it must be regarded as defective, because it alleges no sufficient consideration moving from her to the defendant to ground and support the promise and undertaking imputed to him. The promises and undertakings of his predecessor in office and the payments made to him were not binding upon the defendant, nor could they constitute any valid or sufficient consideration for a promise on his part to make good the shortcomings of that predecessor. Nor does it change the case, that the female plaintiff, as the declaration alleges, agreed to pay the defendant his fees for the surveying when it should be performed. For it is clear that the payment of those fees constituted no part of the consideration for the promise to furnish the land warrant and make the entry; they were to be the compensation for the particular service of making the survey, plat, &c., and the promise to pay them amounted to nothing more than the right the law gave to the surveyor to demand them upon rendering the services. The court is therefore of opinion that the declaration cannot be held a good declaration in assumpsit.
• If the declaration, however, is to be considered as in case, to recover damages against the defendant for misbehavior or neglect of duty in his office of surveyor of Grayson county, (and as such the parties from the pleadings would seem to have treated it,) then it is to be enquired whether it alleges the doing of any act or the omission of any duty on the part of *266 the defendant as surveyor as aforesaid, under such circumstances as would render him liable in damages • to the plaintiffs in this action. It charges that the defendant, as such surveyor, being required to enter the said land (the same being vacant and unappropriated) for the female plaintiff, and in consideration of the promise of Jones, his predecessor, and of the payment made to him, agreed to furnish a warrant, and enter the same for and in her name in his office, and survey the ■ same in due time, so that she might obtain a grant; but that he had failed to furnish the amount and enter the land in her name, and had entered and surveyed it for another. Now it is no part of the official duty of the surveyor to furnish land warrants to a party desiring to enter waste and unappropriated lands. They are not issued by him, but by the register of the land office, on the payment of the consideration and fees into the treasury. The party desiring to make an entry obtains his warrant, and produces it to and lodges it with the surveyor of'that county, wherein the land or the greater part thereof lies, who is required to give a receipt for the same if demanded. Here the duty of the surveyor begins. Neither is it the duty of the surveyor to make the entry; the party holding the warrant is to direct the ‘ location thereof so specially and precisely as that others may be enabled with certainty to locate other warrants on the adjacent residuum; and the duty of the surveyor is to record this location with the date of the day on which it was made, in a book to be kept for that purpose; this is- called .the “ entry.,” But he is expressly prohibited from admitting an entry foi any land without a warrant from the -register of the land office. Thus the failure of a surveyor to furnish a land warrant, or to make an entry for another, when no warrant is lodged with him, can amount to no such misbehavior in office or neglect of duty as under -the *267 circumstances disclosed in this case, will subject him •in an action on the case to' a liability in damages ; and the remedy for any breach of an express contract or - •undertaking to that effect must be sought in an action of assumpsit on the special contract, setting out a good and sufficient consideration for the supposed promise, as in any other case of violation of a contract of agency.
After the entry shall have been made, it is the duty ■of the surveyor to proceed with all practicable despatch to make the survey upon' it, first giving the notice of the time of doing so to the party in the manner •prescribed by the act, and it is then the duty, of the party entering the land to attend with proper chain carriers and a marker, on pain of losing the benefit of his entry; and a surveyor failing in this duty, or any other of the duties required by law, is made liable to. any party injured for all damages he may sustain by-reason of such failure. In this case, the declaration does not allege any failure to survey or to give notice, of the time of doing so, that the plaintiff might attend with her chain carriers and markers. It rests the. complaint of breach of duty on the failure to furnish the land warrant and make the entry. It is therefore unnecessary to consider under what circumstances a surveyor will be held liable for a failure to make a survey upon an entry as required by law. It is true it ■ has been argued that a failure to make a survey in this case is sufficiently implied in the allegation, that the ' defendant had entered and surveyed the land for an■other person; but if the failure in this respect were the gist of the action, the ground on which the recovery is sought to be rested, it surely could not be sufficient to leave so material a matter to mere implication and intendment. It should have been directly and formally averred. But in truth, there is no necessary or proper implication to be made that the defendant failed to survey the land for the femalq *268 plaintiff, from the averment that he had entered and surveyed it for another person; because nothing is more common than for a surveyor in the proper discharge of his duties, to receive entries and make surveys of the same lands for different persons claiming under different warrants. It is not for him to decide upon the validity of rights thus acquired, nor to pass upon the comparative merits of those that may be found conflicting. It is his duty to receive all such entries as parties may desire to make when they lodge their warrants with him under the regulations and conditions prescribed by law, and to make surveys for all alike upon their respective entries, leaving any questions as to the strength of the titles the parties may thereby acquire, to be decided by the proper tribunals.
Without considering therefore the other objections that have been urged to the declaration, the court is of opinion, for the reasons that have been stated, that the declaration in this case cannot be held good on demurrer, either as a declaration in assumpsit upon a special contract, or in case for damages occasioned to the plaintiffs by neglect of duty as surveyor on the part of the defendant. And this renders it unnecessary to decide any other question arising in the cause.
The judgment must be reversed with costs, the verdict set aside, and the cause remanded to the Circuit court, with instructions to sustain the defendant’s demurrer to the declaration, unless the plaintiff shall apply for leave to amend the same, which, under the circumstances of this case, is to be granted if asked for, upon the usual terms of the said Circuit court.
Judgment reversed.